IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | § | |
|---|---|---|
| **BLANCA JUAREZ MARTINEZ,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-345-O |
| | § | |
| **BANK OF AMERICA, N.A.,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss (ECF No. 5), filed May 23, 2014, and Plaintiff's Response (ECF No. 11), filed June 27, 2014. Defendant did not file a reply. Having reviewed the motion, the pleadings, and the applicable law, the Court finds that it should be and is hereby **GRANTED**.

**I.     BACKGROUND**

In May 2010, Plaintiff took out a mortgage with Patriot Bank Mortgage, Inc. ("Patriot Bank") in the amount of $127,285 to purchase property in Fort Worth, Texas. *See* Notice Removal Ex. A (Original Pet.) ¶ 7, ECF No. 1-1. In July 2013, Defendant Bank of America, N.A. ("Bank of America") initiated foreclosure proceedings against Plaintiff. *Id.* ¶ 9. Plaintiff contends Defendant is not the holder of the promissory note, so it does not have the authority to foreclose on the property. *Id.* ¶ 11. Furthermore, Plaintiff sought a loan modification with Defendant, but Defendant neither approved nor denied Plaintiff's application. *Id.* ¶¶ 12-13. In the meantime, Defendant foreclosed on the property. *Id.* ¶ 13.

Plaintiff brought the instant action in state court in Tarrant County, Texas, on April 14, 2014. *Id.* Defendant removed the action to this Court on May 16, 2014, based on diversity of citizenship. *See generally* Notice Removal, ECF No. 1. Plaintiff asserts the following causes of action: (1) authority to foreclose; (2) wrongful foreclosure; and (3) breach of contract. *See id.* Ex. A, ECF No. 1-1. On May 23, 2014, Defendant filed its motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant provided the Court a copy of the assignment of the note from Patriot Bank to Defendant (Def.'s Mot. Dismiss Ex. C, ECF No. 5) and a copy of the promissory note signed by Plaintiff (Def.'s Mot. Dismiss Ex. B, ECF No. 5).

## II.  LEGAL STANDARD

A defendant may file a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

2

*Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).  The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Iqbal*, 556 U.S. at 678-79.  When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief.  *Id.*

"When a complaint fails to adequately state a claim, such deficiency should be 'exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Prewitt v. Continental Automotive*, 927 F. Supp. 2d 435, 443 (W.D. Tex. 2013) (quoting *Twombly*, 550 U.S. at 558).  Courts should, however, give the plaintiff at least one chance to amend a complaint before dismissing the action with prejudice.  *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

### III.   ANALYSIS

Plaintiffs assert the following causes of action: (1) authority to foreclose; (2) wrongful foreclosure; and (3) breach of contract. *See* Notice Removal Ex. A (Original Pet.), ECF No. 1-1 Defendant seeks dismissal of all of Plaintiff's claims under Rule 12(b)(6). *See generally* Def.'s Mot. Dismiss, ECF No. 5. Accordingly, the Court will address each ground for relief in turn.

#### A.   Authority to Foreclose

Under Texas law, the mortgage follows the promissory note. *Lawson v. Gibbs*, 591 S.W.2d 292, 294 (Tex. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *see United States v. Vahlco Corp.*, 720 F.2d 885, 891 (5th Cir. 1983). Thus, the bank in possession of the note is authorized to foreclose on a mortgagor's property after the mortgagor defaults on the mortgage loan. So long as the bank can establish possession of the note, it is not required to show that the deed of trust had

3

been assigned to it. *See Gilbreath v. White*, 903 S.W.2d 851, 854 (Tex. App.—Texarkana 1995, no writ). In her Original Petition, Plaintiff alleges Defendant did not have the authority to foreclose on her home. Defendant contends that it possesses the note on the property and indeed had standing to accelerate the mortgage and foreclose on the property. Plaintiff has since indicated that she has abandoned this claim. *See* Pl.'s Resp. Def.'s Mot. Dismiss ¶ 11, ECF No. 11. The Court finds Plaintiff failed to state a claim for authority to foreclose.

### B. Wrongful Foreclosure

The elements of a wrongful foreclosure claim are: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). Plaintiff alleges Defendant did not have the authority to foreclose on her home. Defendant contends that it had standing to accelerate the mortgage and foreclose on the property. Plaintiff failed to allege a defect in the foreclosure proceeding or a grossly inadequate selling price. Plaintiff has since indicated that she has abandoned this claim. *See* Pl.'s Resp. Def.'s Mot. Dismiss ¶ 11, ECF No. 11. The Court finds Plaintiff failed to state a claim for wrongful foreclosure.

### C. Breach of Contract

The elements of a breach of contract action are: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 834 (Tex. App.—Dallas 2009, no pet.) (citing *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st

Dist.] 1995, no writ)). The Court struggles to decipher Plaintiff's breach of contract claim. Assuming Plaintiff considered the loan modification application a contract, the Court disagrees. Defendant did not enter into a valid contract with Plaintiff upon a modification of the loan. Thus, the loan modification application does not constitute a valid contract. Assuming Plaintiff referred to the mortgage as the contract, the Court understands that Plaintiff defaulted on the note before Defendant initiated the foreclosure proceedings. Plaintiff has not stated that she performed under the contract. Accordingly, the Court finds Plaintiff failed to state a claim for breach of contract.

## IV.  CONCLUSION

For the above reasons, the Court **GRANTS** Defendant Bank of America's Motion to Dismiss (ECF No. 5), and all of Plaintiff's claims will be **DISMISSED with prejudice** unless Plaintiff amends her complaint to cure these deficiencies on or before **August 28 , 2014**.

**SO ORDERED** on this **21st day** of **August, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**